JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> RONALD BORIS ARCHER, <br>     Defendant. | No. CR 10-mj-70350 MAG <br><br> **[PROPOSED] ORDER OF DETENTION OF DEFENDANT RONALD BORIS ARCHER** |

      The defendant Ronald Archer came before the Court on May 4, 2010 for a detention hearing. The defendant was present and represented by Rita Bosworth of the Federal Public Defender's Office. Assistant United States Attorney Kevin Barry represented the United States. The defendant is charged in a one count Complaint of committing Bank Robbery, in violation of Title 18, United States Code, Section 2113(a).

      The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. Upon consideration of the pre-bail report prepared by Pretrial Services and the

[Proposed] Detention Order
No. CR 10-mj-70350 MAG

party proffers, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court orders the defendant detained pending the resolution of this case.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

1. the nature and seriousness of the offense charged;
2. the weight of the evidence against the person;
3. the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After hearing the proffers of both parties and considering the pre-bail report by Pretrial Services, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of the defendant as required. In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance:

1. The defendant has two prior felony convictions and over a dozen misdemeanor convictions;
2. The defendant has been charged with violating previous grants of probation at

[Proposed] Detention Order
No. CR 10-mj-70350 MAG

        least twice;

3.     Many of the offenses leading to his convictions were committed while under a court's supervision;

4.     The defendant was on probation at the time of the offense with which he is currently charged;

5.     The defendant has two failures to appear;

6.     The defendant has numerous unexplained bench warrants that have been issued against him, including two in connection with a court order for a serious offense; and

7.     The defendant has used multiple birth dates.

These factors, among others presented at the hearing, demonstrate by a preponderance of the evidence that no combination of conditions would assure the appearance of the defendant as required if he were released. The Court finds that the defendant's current lack of employment is a minor condition in terms of risk of flight, and the Court disagrees with the government's contention that the defendant has limited ties to the Bay Area.

      Further, the Court finds by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community. The Court has considered all of the facts and proffers presented at the hearing and in Pretrial Services' pre-bail report, and it finds the fact that the defendant has over 13 convictions on his record among the most compelling factors in reaching its conclusion that no combination of conditions could reasonably assure the community's safety.

///

[Proposed] Detention Order
No. CR 10-mj-70350 MAG

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: May 6, 2010



_____
Hon. JOSEPH C. SPERO
United States Magistrate Judge

[Proposed] Detention Order
No. CR 10-mj-70350 MAG